## EL PUEBLO *v.* RAMOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 86.—Resuelto en junio 24, 1907.

PATENTES MUNICIPALES—CONDUCCIÓN DE VARIOS NEGOCIOS EN UN MISMO ESTABLECIMIENTO.—Las disposiciones de la sección 72 de la Ley Municipal de 1906, correctamente interpretadas, no pueden comprender el caso de una persona que se dedique al negocio de provisiones, y establezca en la misma casa un depósito de leche y una panadería, pues el establecimiento de un depósito de leche en sitio que esté en comunicación con una tienda de provisiones ó con una pana-

dería está prohibido por las leyes de sanidad y el negocio de panadería no tiene una dependencia ó relación necesaria con el de la venta de provisiones.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este caso tuvo su origen en la corte municipal de Manatí. El acusado fué declarado culpable por esa corte de infringir una ordenanza municipal de aquel pueblo al negarse á pagar las contribuciones correspondientes á las ocupaciones que ejercía de panadero y vendedor de leche. Se dedicaba al comercio de provisiones y alegaba que la licencia que había pagado como tal, á razón de sesenta dollars por año, comprendía las tres ocupaciones, toda vez que las ejercitaba en un mismo establecimiento y bajo el mismo techo. La corte municipal, después de practicada la prueba, tuvo una opinión distinta del asunto y le impuso una multa de diez dollars. En apelación, y en nuevo juicio ante la Corte de Distrito de Arecibo, se dictó una sentencia semejante, y de ella apeló para ante este tribunal.

En los autos aparece una relación de hechos que ha sido cuidadosamente examinada y que apoya en todas sus partes la sentencia dictada por la corte inferior.

En los autos no aparece pliego de excepciones, ni exposición del caso. Tampoco ha presentado el apelante ningún alegato, aunque ha estado representado ante esta corte por abogado, durante el informe oral, en el que citó los párrafos 78 y 81 de la Ley, organizando las Municipalidades. (Véanse las Leyes de la sección de 1906, págs. 127 y 132.)

El fiscal de este tribunal presentó un breve memorandum, é informó oralmente en la vista, citando la sección 74 de la misma ley, en la página 127 de las Leyes de 1906.

Aunque las tres clases de negocios estaban establecidos bajo el mismo techo, según aparece en los autos, se ejercían

en establecimientos separados y claramente se vé que no se aproximan tanto el uno al otro en su naturaleza que puedan constituir un solo negocio.

Además, las disposiciones de la junta superior de sanidad, que tienen fuerza de ley, no permiten á ninguna persona tener un depósito de leche en sitio que esté en relación con una tienda de provisiones ó con una panadería, sino que dicho depósito debe instalarse en sitio distinto del de los otros, y en lugar completamente separado de ellos. Tal requisito no existe, que sepamos, con respecto á las panaderías; pero una panadería no es un complemento necesario de una tienda de provisiones, como no lo es tampoco de una Farmacia ni de ninguna otra clase de negocio; y no creemos que pueda considerársele comprendido dentro de las disposiciones expresadas en la sección 72, arriba citada.

Es posible, como se indica en los hechos expresados, que la reunión de las tres clases de negocios en la misma casa, pueda ser con el objeto de evadir, por lo menos parcialmente, las contribuciones impuestas por la ordenanza.

Habiendo examinado cuidadosamente el récord de este caso, no encontramos en el mismo error fundamental alguno, y debe confirmarse la sentencia dictada por la Corte de Distrito de Arecibo, en tres de diciembre de 1906.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.